WILLIAM CHELMO, Plaintiff, v. BARNEY BRAVMAN, Defendant.

Municipal Court of New York, Borough of Brooklyn, First District,
February 10, 1942.

*Milton R. Cohen*, for the plaintiff.

*McCloy & Bravman*, for the defendant.

SIMON, J. This is a motion made by the defendant for an order dismissing the notice of a trial filed by the plaintiff, and staying the plaintiff from prosecuting the trial of this action and from further proceedings until payment is made of twenty dollars costs awarded in another action in this court. The question, therefore, presented is whether or not non-payment of costs imposed against the plaintiff, pursuant to subdivision 1 of section 88 of the Municipal Court Code, stays the plaintiff from proceeding further, pursuant to section 125 of the Municipal Court Code.

On November 27, 1941, the plaintiff filed a summons in an action against the defendant, Index No. 29477–1941. The defendant appeared specially, pursuant to subdivision 1 of section 88, claiming that no process was ever served upon the defendant. Thereafter the parties caused the matter to be placed on the trial calendar of this court by filing a notice of traverse. On the return date testimony was taken and decision was rendered sustaining the traverse, with twenty dollars costs. These costs have not been paid.

Subsequently, and on January 2, 1941, the same plaintiff commenced a second action against the same defendant by the service

of a summons identical with the first. Issue was joined, and thereafter the defendant moved to stay the plaintiff because of the non-payment of the twenty dollars costs above referred to.

Section 125 of the Municipal Court Code, so far as is material, provides: " All proceedings on the part of the party against whom judgment has been rendered, or who is required to pay the costs of any motion, except to renew or vacate such judgment or order requiring payment of costs, are stayed without further direction of the court until the payment thereof."

No judgment was entered in the prior action. The question, therefore, is: Were the costs imposed motion costs?

Section 167 of the Municipal Court Code limits motion costs to ten dollars, and by subdivision 2 it is provided that costs may be imposed upon sustaining or overruling an objection taken to a pleading, as prescribed in sections 88 and 89 of the Municipal Court Code. The parties followed the procedure outlined in section 88 of the Municipal Court Code. It cannot be claimed that the result brought their tactics within any of the definitions of section 167. The objections here pointed solely to a jurisdictional infirmity and not to a pleading. This is further verified by the fact that twenty dollars costs were imposed, pursuant to section 88.

Moreover, this was not a motion. " An application for an order is a motion. A motion is made when a notice thereof or an order to show cause is duly served." (Civ. Prac. Act, § 113.) There was no such application here. Under section 88 of the Municipal Court Code the hearing brought on by the parties looked forward to and terminated in a decision, which decision resulted in an order. However, it was not an order on a motion. Section 88 of the Municipal Court Code specifically states that when a special appearance is filed, as was done in this case, the matter must be set for a hearing. This is a hearing upon a proceeding and not a hearing upon a motion.

The apparently contrary holding in *Eichorn* v. *Negrin* (158 N. Y. Supp. 98, not officially reported) is based on a statute since amended. To the extent that its conclusions differ from those reached here, the court declines to be governed thereby. Motion denied.